*466 OPINION OF THE COURT
James D. Pagones, J.
Petitioner seeks an order, pursuant to Mental Hygiene Law § 83.33, accepting transfer of a guardianship from the State of Texas.
In early 2013, an amendment to the Mental Hygiene Law was placed before the New York State Assembly via bill No. A857. On April 22, 2013, the bill passed the Assembly and was delivered to the New York State Senate. The Senate version of the bill, S2534, identical to A857, passed the Senate on April 30, 2013. The amendment was approved on October 23, 2013. Effective April 21, 2014, article 83 was added to the Mental Hygiene Law (see L 2013, ch 427, § 1, eff Apr. 21, 2014).
The purpose of the amendment is to “address the issue of jurisdiction over adult guardianships and other protective proceedings, providing a mechanism for resolving multi-state jurisdictional disputes” (see Sponsor’s Mem, 2013 NY Senate Bill S2534; see also Sponsor’s Mem, 2013 NY Assembly Bill A857).
A portion of the justification section of the Assembly Sponsor’s Memorandum for the then proposed legislation reads as follows:
“Due to increasing population mobility, cases involving simultaneous and conflicting jurisdiction over guardianship are increasing. Adult guardianship jurisdiction issues commonly arise in situations involving snowbirds, transferred/long-distance care giving arrangements, interstate health markets, wandering, and even the occasional incidence of elderly kidnapping. The process of appointing a guardian is handled in state courts. Often, jurisdiction in adult guardianship cases is complicated because multiple states, each with its own adult guardianship system, may have an interest in the case. Consequently, it may be unclear which state court has jurisdiction to decide the guardianship issue.” (Sponsor’s Mem, 2013 NY Assembly Bill A857; see also Sponsor’s Mem, 2013 NY Senate Bill S2534.)
Mental Hygiene Law § 83.33 specifically outlines a procedure for a New York State court to accept a guardianship proceeding transferred from another state.
The petition herein, submitted by B.A.M.W, also known as B.A.M.D. (hereinafter BA), indicates that she is the birth mother *467 and natural guardian of C.M.W. (hereinafter C). BA indicates that she currently resides in Poughkeepsie, New York and has been a permanent resident of the State of New York with C since 2012. She was appointed guardian of the person of C in the Probate Court in Tarrant County, Texas on June 18, 2012. BA stated it was her intention to move to New York in her initial report of guardian of the person of C. BA asks this court to recognize the guardianship order of the Texas court.
Mental Hygiene Law § 83.33 (a) states that
“[t]o confirm transfer of a guardianship of the person or guardianship of the property transferred to this state under provisions similar to section 83.31 of this article, the guardian of the person or guardian of the property must petition the court in this state pursuant to article eighty-one of this title or article seventeen-A of the surrogate’s court procedure act to accept the guardianship of the person or guardianship of the property. The petition must include a certified copy of the other state’s provisional order of transfer.”
Initially, this court notes that the current petition does not include a certified copy of a Texas provisional order of transfer of the within guardianship.
Mental Hygiene Law § 83.33 (b) states that
“[njotice of a petition under subdivision (a) of this section must be given to those persons that would be entitled to notice if the petition were a petition for the appointment of a guardian of the person or issuance of a protective order in both the transferring state and this state. The notice must be given in the same manner as notice is required to be given in this state.”
Here, there is absolutely no indication that the petition was served upon anyone. Those entitled to notice would be those individuals as specifically delineated by Mental Hygiene Law § 81.07 (e) and/or SCPA 1753.
Mental Hygiene Law § 83.33 (c) then states:
“On the court’s own motion or on request of the guardian of the person or guardian of the property, the person subject to the guardianship of the person or protected person, or other person required to be notified of the proceeding, the court shall hold a hearing on a petition filed pursuant to subdivision *468 (a) of this section.”
Upon resubmission of proper papers, as delineated above, this court must then hold a hearing, in which it may or may not accept the transfer of the guardianship upon consideration of Mental Hygiene Law § 83.33 (d) (1) and (2).
Based upon the foregoing, the petition is dismissed without prejudice, with leave to renew upon compliance with the aforementioned sections of Mental Hygiene Law § 83.33.